IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN ALLEN-HOWARD,         3:11-CV- 01116 RE

          Plaintiff,         **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

          Defendant.

**REDDEN**, Judge:

Plaintiff Kathleen Allen-Howard (Allen-Howard") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1959, Allen-Howard has a Bachelors Degree and some work towards a Masters Degree. She alleges disability since September 1, 2006, due to brain tumor, depression, anxiety, cognitive disorder, and memory disorder. Tr. 132. Her application was denied initially and upon reconsideration. After an February 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled. Allen-Howard's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Allen-Howard had the medically determinable severe impairments of cognitive disorder, affective disorder, and asthma. Tr. 16.

The ALJ determined that Allen-Howard's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, Subpart P, App. 1.

The ALJ determined that Allen-Howard retained the residual functional capacity to perform a full range of work at all exertional levels with a few exertional limitations and that "[s]he can perform 1 to 2 step tasks." Tr. 17.

The ALJ found that Allen-Howard was unable to perform any past relevant work, but retained the ability to perform other work, including Office Helper and Mail Room Sorter. Tr. 21.

The medical records accurately set out Allen-Howard's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Allen-Howard contends that the ALJ erred by finding her able to perform the job requirements of an Office Helper and Mail Room Sorter. She argues that the hypothetical question the ALJ posed to the Vocational Expert ("VE") failed to include all of her limitations. She contends that a conflict between the VE's testimony and the *Dictionary of Occupational Titles ("DOT")* warrants remand for further proceedings.

When a VE testifies that there are jobs an individual with the claimant's abilities could perform, the ALJ must "inquir[e] whether the testimony conflicts with the [DOT]." *Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir. 2007). An ALJ's failure to inquire is harmless error "if the vocational expert...provided sufficient support for her conclusion so as to justify any potential conflicts." *Id.* at 1154 n.19. It is also harmless error if there was in fact no conflict between the DOT and the VE testimony. *Id.* Here, the ALJ asked the VE, before she testified, to advise her of any conflict between the VE's testimony and the *DOT,* and to explain the basis for the VE's opinion. Tr. 42. The VE did not note any conflicts, and the Commissioner argues that the ALJ properly relied on the VE's testimony to find that Allen-Howard could perform other work. Tr. 20. The issue is whether there is a conflict between the VE's testimony and the *DOT.*

The VE's testimony conflicts with the *DOT.* The claimant's RFC limited her to "1-2 step tasks." Tr. 17. The ALJ asked the VE to identify jobs that Allen-Howard could perform despite that limitation. The VE identified the jobs of Office Helper and Mail Room Sorter. Tr. 44-45. Based on the availability of those jobs, the ALJ concluded that Allen-Howard could perform work that exists in the national economy and is therefore "not disabled." Tr. 21.

The *DOT* indicates that the two jobs identified by the VE may require the ability to do

3 - OPINION AND ORDER

more than perform "1-2 step tasks."

Each job description in the *DOT* includes a "definitional trailer," which uses a numerical system to identify the abilities a person must have in order to perform a particular job. The definitional trailer for each job includes a "reasoning development level," which uses a one to six scale to identify how much reasoning ability is required for a particular job. *DOT* App'x C (4th ed. 1991 (*available at* 1991 WL 688702). The *DOT* definitions are :

> Reasoning level one: "Apply commonsense understanding to carry out *simple one-or two-step instructions*. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Reasoning level two: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."
>
> Reasoning level three: Apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Id.* (emphasis added).

The Office Helper job requires a reasoning level two, and the Mail Room Sorter job requires a reasoning level three, according to the *DOT*. They therefore may require something more than "one to two step tasks," which is Allen-Howard's RFC and very similar to the definition for level one reasoning.

The law on this point is not clear and the Ninth Circuit has not addressed it. As Judge Mosman recently pointed out, the case law is inconsistent. *Whitlock v. Astrue,* No. 3:10-cv-357-AC, at 5 (D. Or. August 23, 2011).

In sum, the VE's testimony-that someone with Allen-Howard's RFC can work two specific jobs- conflicts with the *DOT*, which indicates that someone with that RFC would lack

4 - OPINION AND ORDER

the reasoning ability to perform those jobs. Because that conflict is unexplained, remand is necessary.

## CONCLUSION

For these reasons, the ALJ's decision that Allen-Howard is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded to determine whether the occupations identified by the VE are consistent with Allen-Howard's RFC.

IT IS SO ORDERED.

Dated this 3 day of October, 2012.

JAMES A. REDDEN
United States District Judge

5 - OPINION AND ORDER