IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KATHLEEN ALLEN-HOWARD,**                         3:11-cv-01116 RE

        Plaintiff,                         **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff seeks an award of fees in the amount of $7,038.41 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was substantially justified, plaintiff's application is denied.

## Background

Plaintiff alleges disability since September 1, 2006, due to brain tumor, depression, anxiety, cognitive disorder, and memory disorder. Her application was denied initially and upon

reconsideration. After a February 2010 hearing, an ALJ found her not disabled. Plaintiff sought review in this court, and the case was remanded to the ALJ who erred by finding plaintiff able to perform the job requirements of an Office Helper and Mail Room Sorter, based on the reasoning level requirements.

Plaintiff filed the current application for fees (#18). The Commissioner asserts that his position was substantially justified and that no attorney fees should be awarded under the EAJA.

## Discussion

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States...." *Hardisty v. Astrue,* 592 F.3d 1072, 1076 (9th Cir. 2010)(citing *United States v. 313.34 Acres of Land,* 897 F.2d 1473, 1477 (9th Cir. 1989)). The EAJA is not, however, an automatic fee-shifting statute. *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1090 (D.C. Cir. 1986). The EAJA is an exception to the "American Rule" that a prevailing litigant shall not collect attorneys' fees from the losing party. *Hardisty,* 592 F.3d at 1076.

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565; *Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010), *cert. denied,* 2011 WL 1832858 (May 16, 2011). The government bears the burden of demonstrating substantial justification. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988).

Although plaintiff's residual functional capacity limited her to "1-2 step tasks," the two jobs identified by the Vocational Expert "may require the ability to do more than perform '1-2 step tasks,'" a limitation "very similar to the definition for level one reasoning." ECF No. 16 at 3-4. This court stated that the law on this point "is not clear and the Ninth Circuit has not addressed it." ECF No. 16 at.

Plaintiff acknowledged that the law is unresolved. The Commissioner's position had a reasonable basis in law and fact and was substantially justified.

## Conclusion

The Commissioner's position was substantially justified and plaintiff's Motion for Attorney Fees (#18) is denied.

IT IS SO ORDERED.

DATED this 5 of February, 2013.

James A. Redden
United States District Judge